Michael W. Ellison (SBN 145832)
mellison@sehlaw.com
Michael G. Bosko (SBN 162571)
mbosko@sehlaw.com
SMITH ♦ ELLISON
A Professional Corporation
18881 Von Karman Avenue
Suite 960
Irvine, California 92612
Telephone:(949) 442-1500
Facsimile: (949) 442-1515

Attorneys for Plaintiff
E & E CO., LTD., a California Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & E CO., LTD., a California Corporation, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 113(a), 501)** |
| HALLMART COLLECTIONS, INC., a California Corporation, and DOES 1 through 10, inclusive | |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff E & E CO., LTD., for its Complaint against Defendants HALLMART COLLECTIONS, INC. and DOES 1 through 10, complains as follows:

## **JURISDICTION AND VENUE**

1.     This copyright infringement action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (exclusive original copyright jurisdiction).

2.     This Court has both general and specific personal jurisdiction over Defendant HALLMART COLLECTIONS, INC., pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure, and section 410.10 of the California Code of Civil Procedure (the forum state's long-arm statute).  On information and belief, HALLMART COLLECTIONS, INC., is a California Corporation with its headquarters and principal place of business in Los Angeles County, where the infringing activity originates.  HALLMART COLLECTIONS, INC., also willfully directed its infringing activity at the copyright owner, Plaintiff E & E CO., LTD., in the State of California.

3.     Venue is proper in this federal judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(d) and 1400(b) because on information and belief, Defendant HALLMART COLLECTIONS, INC.'s headquarters and principal place of business is in this District; a substantial part of the events and omissions giving rise to this claim occurred in this District; and this Court has personal jurisdiction over Hallmart at the time of filing of this action.

## PARTIES

4.     Plaintiff E & E CO., LTD. ("E&E") is, and at all relevant times was, a corporation organized under the laws of the State of California with its principal place of business in the City of Fremont in Alameda County, California.  E&E is engaged in the wholesale home furnishings business under the registered fictitious business name "JLA Home."

5.     E&E is informed and believes and on that basis alleges that Defendant HALLMART COLLECTIBLES, INC. ("Hallmart") is a California corporation with its headquarters and principal place of business in Los Angeles County, California.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10 are unknown to Plaintiff at the present time and said Defendants are therefore sued by such fictitious names.

When the true names and capacities of said DOE Defendants have been ascertained, Plaintiff will seek to amend this Complaint to include such true names and capacities.

7.    Plaintiff is informed and believes and on that basis alleges that at all relevant times herein, Defendant Hallmart and each DOE Defendant was the alter ego, agent, servant, employee, principal, officer, director, partner, representative, parent, subsidiary, successor-in-interest, aider-and-abettor, or co-conspirator of each of the other Defendants, and was acting with the knowledge, approval, and/or ratification of each of the other Defendants.

## GENERAL ALLEGATIONS

8.    Plaintiff E&E and Defendant Hallmart are competitors in the business of wholesale selling of home furnishings.

9.    E&E discovered that Hallmart was selling competing home furnishing products bearing graphic designs apparently copied from E&E's competing products and infringing on E&E's copyrights on those designs.

10.    E&E informed Hallmart that E&E had discovered the infringement, and ordered Hallmart to cease and desist.

11.    Hallmart did not agree to stop selling the infringing products in its inventory.  E&E brings this action to stop, and obtain redress for, Hallmart's willful copyright infringement of E&E's graphic designs on its competing products.

## ALLEGATIONS RELATED TO THE LAKESIDE DESIGN

12.    E&E exclusively owns an original textile design it has designated (both internally and in commerce) as "Lakeside" (the "Lakeside Design").

13.    E&E makes and sells textile products bearing the Lakeside Design for profit.

14.    E&E first offered products bearing its Lakeside Design in or about March, 2015.

15.    E&E applied for and obtained a United States copyright registration for the Lakeside Design with an effective date of December 29, 2014, Registration No. VA 1-943-146.  E&E has not assigned, granted, conveyed, mortgaged, or otherwise transferred property rights in the Lakeside Design to any other party.

16.    Prior to Hallmart's infringing conduct described herein, E&E products bearing the Lakeside Design were publicly advertised, marketed, and widely available for retail purchase.

17.    E&E is informed and believes, and on that basis alleges, that prior to Hallmart's infringing conduct described herein, Hallmart had access to the Lakeside Design.

18.    E&E is informed and believes, and on that basis alleges, that Hallmart accessed a copy of the Lakeside Design from E&E or an intermediary.

19.    E&E's investigation revealed Hallmart to be advertising, marketing, distributing, and selling bedding products bearing a textile print that is substantially identical to the Lakeside Design (hereafter, "Accused Products A").  Accused Products A include, but are not limited to, comforters, duvet covers, and pillow shams marketed under, at least, the names "Monteray" and "Anton."

20.    An illustrative comparison of E&E's Lakeside Design against an exemplar of Defendant's Accused Products A created by laying E&E's product partly over Defendant's product is set forth as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Complaint For Copyright Infringement



JLA "LAKESIDE"            HALLMART "MONTERAY"

21.   The substantial identity between the Lakeside Design and the graphic designs borne by Accused Products A is too striking to be the result of anything other than copying.

22.   E&E sent a cease-and-desist letter to Hallmart on September 7, 2016 regarding, inter alia, Hallmart's infringement of the Lakeside Design in Accused Products A, and sent a follow-up letter to Hallmart's outside counsel on September 15, 2016.

23.   Hallmart's outside counsel responded to E&E's September 7, 2016 letter, but did not agree on behalf of Hallmart to stop selling all products bearing the infringing design.

24.   Neither Hallmart nor its counsel responded to E&E's September 15, 2016 follow-up letter.

25.   E&E is informed and believes, and on that basis alleges, that Hallmart has willfully sold Accused Products A, and willfully continued to sell

1  Accused Products A after receiving the cease-and-desist letters from E&E, and
2  currently continues to sell Accused Products A.

3       26.    E&E is informed and believes, and on that basis alleges that
4  Hallmart copied, manufactured (or caused to be manufactured), distributed, and
5  displayed publicly the Lakeside Design with knowledge that the Lakeside Design
6  belonged to E&E.

7       27.    E&E is informed and believes, and on that basis alleges that
8  Hallmart copied, manufactured (or caused to be manufactured), distributed,
9  displayed, and sold products bearing the Lakeside Design without the copyright
10 owner's authorization and with scienter that it had no right to do so.

11       **ALLEGATIONS RELATED TO THE SUTTON DESIGN**

12       28.    E&E exclusively owns an original textile design it has designated
13 (both internally and in commerce) as "Sutton" (the "Sutton Design").

14       29.    E&E makes and sells textile products bearing the Sutton Design for
15 profit.

16       30.    E&E first offered products bearing the Sutton Design in or about
17 April, 2013.

18       31.    E&E applied for a United States copyright registration for the Sutton
19 Design on September 9, 2016, work submission titled "INK+IVY Sutton pattern."
20 E&E has not assigned, granted, conveyed, mortgaged, or otherwise transferred
21 property rights in the Sutton Design to any other party.

22       32.    Prior to Hallmart's infringing conduct described herein, E&E
23 products bearing the Sutton Design were publicly advertised, marketed, and widely
24 available for retail purchase.

25       33.    E&E is informed and believes, and on that basis alleges, that prior to
26 Hallmart's infringing conduct described herein, Hallmart had access to the Sutton
27 Design.

28

Complaint For Copyright Infringement

34.   E&E is informed and believes, and on that basis alleges, that Hallmart accessed a copy of the Sutton Design from E&E or an intermediary.

35.   E&E's investigation revealed Hallmart to be advertising, marketing, distributing, and selling bedding products bearing a textile print that is substantially identical to the Sutton Design (hereafter, "Accused Products B").  Accused Products B include, but are not limited to, comforters, pillow shams, bedskirts, and decorative pillows marketed under, at least, the name "Keita."

36.   An illustrative comparison of E&E's Sutton Design against an exemplar of Defendant's Accused Products B created by laying E&E's product partly over Defendant's product is set forth as follows:



37.   The substantial identity between the Sutton Design and the graphic designs borne by Accused Products B is too striking to be the result of anything other than copying.

38.   E&E sent a cease-and-desist letter to Hallmart on September 7, 2016 regarding, inter alia, Hallmart's infringement of the Sutton Design in Accused Products B, and sent a follow-up letter to Hallmart's outside counsel on September 15, 2016.

39.    Hallmart's outside counsel responded to E&E's September 7, 2016 letter, but did not agree on behalf of Hallmart to stop selling all products bearing the infringing design.

40.    Neither Hallmart nor its counsel responded to E&E's September 15, 2016 follow-up letter.

41.    E&E is informed and believes, and on that basis alleges, that Hallmart has willfully sold Accused Products B, and willfully continued to sell Accused Products B after receiving the cease-and-desist letters from E&E, and currently continues to sell Accused Products B.

42.    E&E is informed and believes, and on that basis alleges that Hallmart copied, manufactured (or caused to be manufactured), distributed, and displayed publicly the Sutton Design with knowledge that the Sutton Design belonged to E&E.

43.    E&E is informed and believes, and on that basis alleges that Hallmart copied, manufactured (or caused to be manufactured), distributed, displayed, and sold products bearing the Sutton Design without the copyright owner's authorization and with scienter that it had no right to do so.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement -- 17 U.S.C. §§ 106, 113(a), 501)

44.    E&E incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

45.    The Lakeside Design and the Sutton Design will be referred to collectively as the "Subject Designs," and Accused Products A and Accused Products B will be referred to collectively as the "Accused Products."

46.    E&E is informed and believes and on that basis alleges that Hallmart had access to all of E&E's Subject Designs.

47.   E&E is informed and believes and on that basis alleges that Hallmart manufactures, or causes to be manufactured, textile products bearing graphic designs, and advertises, markets, distributes, and sells such products for profit.

48.   E&E is informed and believes and on that basis alleges that Hallmart infringed E&E's copyrights by creating, making (or causing to be made), developing, distributing and/or selling the Accused Products bearing graphic designs substantially similar to, and copied from, the Subject Designs.

49.   As set forth above, E&E applied for or obtained United States copyright registration of each of the Subject Designs either before or less than five years after the respective designs were made public.

50.   E&E has not assigned, granted, conveyed, mortgaged, or otherwise transferred property rights in any of the Subject Designs to any other party. E&E is the legal and beneficial owner of the Subject Designs.

51.   Due to Hallmart's acts of infringement, E&E has suffered damages to its business in an amount to be established at trial.

52.   Due to Hallmart's acts of infringement, E&E has suffered general and special damages in amounts to be established at trial.

53.   Due to Hallmart's acts of infringement, Hallmart has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Subject Designs, entitling E&E to disgorgement of Hallmart's profits directly and indirectly attributable to Hallmart's infringement of the Subject Designs in an amount to be established at trial.

54.   E&E is informed and believes and on that basis alleges that Hallmart's infringement of the Subject Designs was willful, reckless and/or in blatant disregard of E&E's rights as copyright holder.

55.   E&E has incurred and will continue to incur attorneys' fees, costs, and expenses to prosecute this copyright infringement action. The circumstances of

this dispute warrant recovery of attorneys' fees and costs under 17 U.S.C. section 505.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff E&E prays for judgment as follows:

1.     That Hallmart, and its agents and employees, be enjoined from infringing E&E's copyrights, specifically including copyrights for the Subject Designs;

2.     That E&E be awarded all direct and indirect profits of Hallmart plus all direct and indirect losses of E&E, plus any other monetary advantage gained by Hallmart through its infringement, the exact sum to be proven at trial; or, to the extent elected before final judgment, statutory damages available under the Copyright Act;

3.     That a trust be imposed over all Accused Products and any revenues derived from the sale or distribution of any Accused Products or unauthorized exploitation of the Subject Designs;

4.     That Hallmart account to E&E for its profits from infringement of the Subject Designs;

5.     That E&E be awarded additional, enhanced damages for the reckless and willful nature of Hallmart's infringement of the Subject Designs;

6.     That E&E be awarded its attorneys' fees under 17 U.S.C. section 505;

7.     That E&E be awarded pre-judgment interest as allowed by law;

8.     That E&E be awarded the costs of this action; and

/ / /

/ / /

/ / /

/ / /

/ / /

1    9.    That E&E be awarded such further legal and equitable relief as the

2    Court deems just and proper.

3    DATED:  December 14, 2016

Michael W. Ellison
Michael G. Bosko
SMITH ♦ ELLISON
A Professional Corporation

By _____
        Michael W. Ellison
Attorneys for Plaintiff E & E CO.,
LTD., a California Corporation

**Plaintiff E & E CO., LTD. hereby demands a trial by jury.**

DATED:  December 14, 2016

Michael W. Ellison
Michael G. Bosko
SMITH ♦ ELLISON
A Professional Corporation

By _____
        Michael W. Ellison
Attorneys for Plaintiff E & E CO.,
LTD., a California Corporation